On March 30, 1973 the court issued the following order in response to plaintiff’s motion to dismiss defendant’s counterclaim.
“In this petition for redetermination of a renegotiation order, 50 U.S.C. App. § 1218, as amended by P.L. 92-41, 85 Stat. 97, the defendant has counterclaimed with its answer. It asks for a judgment for defendant in an amount not less than that determined to be excessive profits by Order of the Benegotiation Board. Plaintiff has filed a bond to stay collection of the refund. It moves for dismissal of the counterclaim, on the ground that' defendant does not now have any claim against it and will do so only if it prevails in the principal action.
“We pointed out in Sandnes’ Sons, Inc. v. United States, 199 Ct.Cl. 107, 462 F. 2d 1388 (1972), that before P.L. 92-41, upon the issuance of a refund determination by the Board, actions to collect it, and actions to redetermine it de novo, as authorized by statute, were entirely separate and distinct *874 legal proceedings over which different courts had jurisdiction. Now they are both brought here. We said, upon the non-filing of a bond, the Government’s claim for assistance of a court in “execution” of the Board’s order was a “compulsory counterclaim” under our Eule 40 (a).
“When, as here, the plaintiff has filed a bond, defendant still has a collection claim. It is only the enforcement of it that is stayed. It is possible for the stay to be lifted by us not only on the disposal of the case on the merits but also before that if we should determine, e.g., that the bond was insufficient. Defendant should have a demand for relief that remains effective if plaintiff should dismiss its petition. Defendant might have already collected its refund, and certainly should give notice if it has not and may need our help in doing so. The counterclaim appears a proper way of doing this, whether or not the bond temporarily stays its enforcement.
“The result of the redetermination might be a refund determination larger than the one below, if defendant seeks it, but it is not the role of the counterclaim to give notice of this.
“Plaintiff in making its motion overlooks the mutually independent and dual nature of the redetermination and collection procedure. Defendant replies that what we said in Sandnes'’ left it uncertain what to do when, as here, a bond is furnished. It agrees the counterclaim may be premature but says it had to file one to protect itself. It was not premature even on the assumption that the bond is adequate and collection is effectively stayed for the present. It is, per Eule 40(a), a “claim which, at the time of serving the answer, the defendant has against any plaintiff * * Accordingly,
“it is ordered that plaintiff’s motion, filed January 10,1973, to dismiss defendant’s counterclaim be and the same is denied.”
BY THE COUET
(Sgd) WlLSON CoWEN Chief Judge